## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. **BRYAN GILZENE,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 14 C 2691 |
| **RANDY PFISTER**, Warden, | )<br>)<br>) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Bryan Gilzene ("Gilzene"), who is serving a 50-year prison sentence following his state court conviction on charges of first degree murder, aggravated kidnapping and conspiracy to deliver a controlled substance,[1] has been unsuccessful in challenging his conviction on both direct appeal and in state post-conviction proceedings. Now Gilzene has invoked 28 U.S.C. § 2254 ("Section 2254") by filing a pro se Petition for a Writ of Habeas Corpus ("Petition"). Following its receipt of the Illinois Attorney General's 22-page Answer accompanied by 36 exhibits (about 10 inches thick in the aggregate), this Court followed its consistent practice of treating a Section 2254 petitioner as entitled to file a reply as a matter of right (see Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")). Gilzene has now filed such a reply, so that the Petition is ripe for decision.

It is certainly not any exaggeration to characterize as "overwhelming" the substantial evidence that conclusively established Gilzene's guilt of shooting murder victim Arturo Cedillo

---

[1] Understandably the sentences on the latter two charges are far shorter than the 50-year sentence for first degree murder, but 50 years remains accurate because all three sentences were imposed to run concurrently.

("Cedillo") in the head. Gilzene failed in his attempted attacks on his conviction at every level of his state court proceedings, including his unsuccessful post-conviction petition. Before this Court Gilzene raises four claims:

1. At trial the State knowingly used perjured testimony of witnesses Mario Gonzalez ("Gonzalez") and Sean Wilkins ("Wilkins").

2. One juror was assertedly biased against Gilzene because he is black.

3. One of the prosecutor's asserted errors was an improper comment on Gilzene post-arrest silence.

4. Finally, the trial court was charged with having erroneously excluded, as hearsay, testimony by Ewa Kosinski ("Kosinski," a friend of Gilzene's) about a telephone call with another of his friends, Brad McAtee ("McAtee").

Those last three grounds will be dealt with first and in short compass, because all of them were procedurally defaulted. That is so because on Gilzene's appeal from the dismissal of his post-conviction petition, all three of those grounds were rejected on the independent and adequate state law ground of forfeiture, for each could have been but was not raised on direct appeal -- see, e.g., Sturgeon v. Chandler, 552 F.2d 604, 611 (7th Cir. 2009).

In that respect, where as here the Illinois Appellate Court (1) granted the motion by Gilzene's appointed counsel to withdraw from representation[2] and (2) summarily affirmed the

---

[2] Gilzene's court-appointed counsel on the appeal from the state circuit court's rejection of his post-conviction petition filed the state court equivalent of an Anders motion in seeking to withdraw from representation on the ground that any appeal "would be without arguable merit." That motion to withdraw drew on the teaching of the United States Supreme Court in Pennsylvania v. Finley, 481 U.S. 551 (1987).

denial of Gilzene's post-conviction petition without specifying the basis for that decision, this Court is entitled under Section 2254 to review the record to determine whether that basis was substantive or procedural (Woods v. Schwartz, 589 F.3d 368, 375-76 (7th Cir. 2009). It has done so, and it holds that the Illinois Attorney General's Answer at 19-20 accurately characterizes the dismissal as procedural in nature. And Gilzene has utterly failed to show cause for those procedural defaults and any resulting prejudice (Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).[3]

That leaves for consideration only Gilzene's Claim 1: that the State knowingly used perjured testimony. And that contention, which seeks to relitigate a claim adjudicated by the state courts on the merits, must meet one of two strict requirements imposed by Congress to preclude the federal courts from setting themselves up as full-bore appellate overseers of the state courts' criminal justice systems -- for that purpose Section 2254(d) requires that a state court's adjudication must have:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

To come within the "contrary to" branch of the first alternative, Conner v. McBride, 375 F.3d 643, 649 (7th Cir. 2004) has cited Supreme Court authority to summarize the test this way:

> First, a state court decision is "contrary to" federal law if the state court either incorrectly laid out governing Supreme Court precedent, or, having identified the correct rule of law, decided a case differently than a materially factually indistinguishable Supreme Court case.

---

[3] Although the caselaw also permits a procedural default to be excused if a habeas petitioner shows his actual innocence, that alternative is not even remotely relevant here.

As for the "unreasonable application" requirement, such cases as <u>Woods v. McBride</u>, 430 F.3d 813, 817 (7th Cir. 2005) (citation omitted) teach the demanding nature of the statutory requirement:

> In the habeas context, an "unreasonable" application is more than simply an "incorrect" application, so "a federal habeas court may not issue the writ simply because that court concludes in an independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Rather, in order to trigger grant of the writ, the state-court decision must be both incorrect and unreasonable.

Indeed, even more recently the Supreme Court itself has reemphasized the stringency of the statutory standards. Here is what <u>Burt v. Titlow</u>, 134 S. Ct. 10, 16 (2013) (citations omitted) says as to <u>both</u> Section 2254(d)(1) and Section 2254(d)(2):

> AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." "If this standard is difficult to meet" -- and it is -- "that is because it was meant to be." We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy.

In this instance Gilzene seeks to rely on an affidavit by McAtee in which he denies any involvement with the murder and states that his mother's white Cadillac was "in a body shop getting repaired" on the date of the killing -- a contention that conflicts with the Gonzalez and Wilkins testimony that McAtee drove Gonzalez and Jose Estrada in a white Cadillac to Kosinski's apartment after the murder. That attempted reliance not only flunks the earlier-quoted criteria but also fails to place the asserted perjury at the doorstep of the State, a placement that would demand a showing that "(1) there was false testimony; (2) the prosecution knew or should have known it was false; and (3) there is a likelihood that the fact testimony affected the judgment of the jury." <u>Morales v. Johnson</u>, 659 F.3d 588, 606 (7th Cir. 2011). Quite apart from the fact that the Gonzalez and Wilkins testimony was subjected to cross-examination (as the

McAtee affidavit was not) and was credited by the trial jury, McAtee's claimed noninvolvement in the crime is refuted not only by the Gonzalez and Wilkins account of events (which alone might perhaps make the matter subject to jury resolution of their swearing contest) but -- damningly for Gilzene's contention -- the objective evidence that a sneaker spattered with Cedillo's blood was found behind the driver's seat of McAtee's white Cadillac and that an independent observer testified that he saw a white sedan drive away with two men who had just left the car in which Cedillo's body was later found.

There is considerably more in the Answer that undercuts Gilzene's position in a number of respects, but this Court sees no need to kill a dead argument more than once. Claim 1, like Gilzene's other three claims, cannot withstand analysis, albeit for a different reason.

## Conclusion

For the reasons stated in this memorandum opinion and order, Gilzene is plainly not entitled to relief in this District Court, and this Court dismisses the Petition. And pursuant to Section 2254 Rule 11(a), this Court denies a certificate of appealability (an issue as to which Gilzene may seek a certificate from the Court of Appeals under Fed. R. App. P. 22).

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: September 16, 2014