**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. )<br>**BRYAN GILZENE**, )<br>)<br>         Petitioner, )<br>)<br>         v. )<br>)<br>**RANDY PFISTER**, Warden, )<br>)<br>         Respondent. ) | Case No. 14 C 2691<br><br>Court of Appeals Case No. 14-3536 |

## **MEMORANDUM ORDER**

As a result of this Court's receipt of a near-end-of-year printout covering motions pending in all cases currently or previously assigned to its calendar, this Court's attention has been drawn to two pending motions by petitioner Bryan Gilzene ("Gilzene"):

1. his Docket No. 29 Motion For Leave to Appeal In Forma Pauperis ("IFP")

    and

2. his Docket No. 33 "Pro Se Petition's Motion for Relief from Judgment."

This memorandum order addresses each of those motions.

As for the first of those motions, Thomas v. Zatecky, 712 F.3d 1004 (7th Cir. 2013) teaches that the provisions of 28 U.S.C. § 1915(a)(2)(b)[1] do not apply to collateral attacks on criminal judgments, and Gilzene's attempted invocation of Section 2254 is just such an attack. That being said, however, Thomas, id. at 1005 states that the appeal there "[did] not present the question whether a district court has discretion to order collection of the $5 fee, or a portion of

---

[1] All further references to provisions of Title 28 will take the form "Section –," omitting the prefatory "28 U.S.C. § –."

the appellate fees, in installments from a prison trust account."[2] What Thomas, id. at 1005-06 went on to state was that Section 1915(a)(3) does apply to such collateral proceedings–here is that provision:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

This Court has reviewed its comprehensive September 16, 2014 memorandum opinion and order dealing with the merits or lack of merit of Gilzene's petition once again. This Court's view based on that renewed consideration is still that the reasons stated there for dismissing Gilzene's petition and for denying a certificate of appealability establish that his appeal has indeed been taken in bad faith, a concept that Thomas, *id.* at 1006 reconfirms means objective frivolousness. This Court therefore holds from its perspective that Gilzene's appeal may not be taken IFP, so his Docket No. 29 motion must be and is denied. Gilzene is of course entitled to present that question to the Court of Appeals for its determination (see the final paragraph of Thomas, id).

As for Gilzene's second motion (Docket No. 33), this Court finds it puzzling. It was filed on November 17 of this year, the same day on which Gilzene filed his notice of appeal. As this Court understands it, the filing of the appeal ousted this Court of jurisdiction to entertain

---

[2] Like the appellant in Thomas, Gilzene did pay the modest $5 fee applicable in this District Court, so that the question now at hand is the other one referred to in the quoted language.

Gilzene's substantive motion, and that calls for a dismissal of that motion for lack of jurisdiction.

This Court so orders.

/s/Milton I. Shadur

United States District Judge

Dated: December 23, 2014